## No. 2986.

## PHILIP DRUMM v. HANNA, HITCHCOCK & SEWELL.

Were it admitted that a partner can shield himself from responsibility by publishing that he will not be responsible for debts contracted by his copartners in the interest of their common venture, still the notice, even if sufficient, must be brought home to the party who contracts on the responsibility of the firm. His telling his partners that he would not be responsible, does not affect the plaintiff, who was not notified.

Under such circumstances, a copartner, who stood by and saw, without objections, a work done which was necessary for the prosecution of the business in which he was engaged, is bound to pay for it.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Cotton & Levy,* for plaintiff and appellee. *Race, Foster & Merrick,* for Hanna, defendant and appellant.

MORGAN, J. We consider it established that the defendants were partners, carrying on a distillery near the bank of the Mississippi river. Sewell was the superintendent thereof. The distillery obtained its supply of water by means of a pipe which led to the river. This pipe was liable to be broken by steamboats, drift logs, etc., which were constantly passing.

It was considered necessary to protect this pipe. This was done by the plaintiff, who drove piles about and around it. The work was done at the instance of Sewell. Plaintiff charged one thousand one hundred dollars for it. Payment has been demanded and refused. He brings this suit to recover the amount due him. The work, it is proved, is worth the sum charged.

There was judgment against all the defendants.

Hanna alone has appealed. He denies the partnership; denies his liability; and protests that he can not be held liable, because he had notified the public that he would not be responsible, or pay any bills contracted in his name, without his written order.

The notice does not allude to the partnership existing between the parties, or mention the names of the copartners.

Assuming that a partner can shield himself from responsibility by publishing to the world that he will not be responsible for debts contracted by his copartners in the interest of their common venture— upon which it is not necessary that we should express any opinion— still it is evident to our minds that the notice, if sufficient, must be brought home to the party who contracts on the responsibility of the

firm.   In this case, it is not shown that Drumm knew that any such notice had been published.   Even if it had been, Hanna was present when the work was being done; he made no objection thereto; on the contrary, we think the testimony shows he acquiesced in it.   True, he told his copartners that he would not be responsible for the amount to be paid, but to bind the plaintiff, he should have notified him.   This he did not do.   As he stood by and saw the work done without objection, and as the work was necessary for the prosecution of the business in which he was engaged, he is bound to pay for it.

Of this opinion was the District Judge, and we agree with him.

Judgment affirmed.

Rehearing refused.